Filed 10/21/21 P. v. Reyes CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CARLOS MAURICIO REYES, Defendant and Appellant. | B307248 (Los Angeles County Super. Ct. No. LA081621) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan Schneider, Judge. Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

In defendant and appellant Carlos Mauricio Reyes's first appeal, we remanded for the trial court to exercise its newly enacted discretion whether to strike a firearm enhancement. The trial court opted to leave the enhancement in place. In this second appeal, defendant argues the trial court misconstrued the scope and nature of its discretion in various ways, and thus misapplied that discretion on remand. Defendant's arguments are forfeited for failure to raise them below. On the merits, they are unsupported by the record and/or fail for lack of prejudicial error. Accordingly, we affirm.

## PROCEDURAL BACKGROUND

A jury convicted defendant of shooting at an occupied motor vehicle (Pen. Code,[1] § 246) (count 1), assault with a firearm (§ 245, subd. (a)(2)) (count 2), and discharge of a firearm with gross negligence (§ 246.3, subd. (a)) (count 3). On count 2, the jury found true the allegation that defendant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)).

The trial court, the Honorable Susan M. Speer presiding, sentenced defendant to the high term of four years on count 2, then added the high term of 10 years for the firearm enhancement, for a total of 14 years. The trial court imposed but stayed the sentences on counts 1 and 3 under section 654.

In an unpublished decision, we remanded the matter for the trial court to exercise its then-recently enacted discretion whether to strike the section 12022.5 firearm enhancement. We otherwise affirmed the judgment. (*People v. Reyes* (Oct. 4, 2018, B284102) [nonpub. opn.].)

---

[1] Unspecified statutory citations are to the Penal Code.

2

On remand, Judge Speer, outside the presence of defendant or his counsel, issued a minute order stating that "[t]he matter has been considered and the court elects to take no action on this discretionary resentencing option."

At defendant's request, the matter was set for further proceedings. Ultimately, this resulted in a hearing before a different judge, the Honorable Alan Schneider. In advance of the hearing, defendant submitted a report from the Department of Corrections and Rehabilitation concerning his educational progress in prison, and letters from friends and acquaintances attesting to defendant's good character.

At the hearing, Judge Schneider stated he had "read and considered the transcripts in this matter, the preliminary hearing transcripts, the appellate court decisions, the briefs, [and] the probation report." After hearing the argument of counsel, he stated that he believed the only matter before him was the firearm enhancement, and the remainder of the sentence would remain the same.

Judge Schneider noted that in responding to our remittitur, Judge Speer, the original sentencing judge, had stated her intent not to strike the enhancement. Judge Schneider said he nonetheless "will undertake [my] own independent review because I believe that the remittitur requires that because of the defendant's efforts at rehabilitation. [¶] That being said, having done that the court would exercise its discretion and not strike the firearm enhancement in this case." He explained that defendant's "somewhat positive" performance in custody "does not make for sufficient mitigation to overcome the tremendous amount of aggravating evidence that came out at trial in this case . . . ."

On the question of what term to impose for the firearm enhancement, Judge Schneider stated his belief that the only matter before him was whether to "strike or stay the enhancement," and having opted not to do so, his only option was to impose the same term imposed by the original sentencing judge, that is, the high term. Judge Schneider nonetheless proceeded to make his own findings regarding the factors in aggravation and mitigation, including "the materials submitted by the defense."

As circumstances in aggravation, Judge Schneider found that defendant's crime was preplanned and sophisticated, involved great risk of harm to the victim and bystanders, and reflected "a high degree of viciousness and callousness." Judge Schneider further found "the victim was particularly vulnerable."[2] Judge Schneider found defendant's limited prior criminal record and his educational progress in prison were circumstances in mitigation, but was unconvinced by the letters attesting to defendant's good character. Balancing these factors, Judge Schneider ruled the high term on the firearm enhancement was appropriate. The sentence therefore remained at 14 years.

Defendant timely appealed.

## DISCUSSION

Defendant on appeal argues that Judge Schneider misconstrued the scope and nature of his discretion in various ways. First, he argues that Judge Schneider improperly deferred to Judge Speer's determination to leave the firearm enhancement

---

[2] Defendant does not challenge the factual bases for Judge Schneider's findings in aggravation, and we therefore do not summarize the supporting evidence.

4

in place.  Second, he contends Judge Schneider erroneously believed he could stay, as well as strike, the firearm enhancement.  Finally, he asserts that Judge Schneider did not realize he had the option to leave the enhancement in place but strike the penalty for that enhancement.  Defendant's arguments are forfeited and also lack merit.  We discuss each in turn.

Defendant argues that Judge Schneider was "improperly influenced" by Judge Speer's statement that she would not exercise her discretion to strike the firearm enhancement, a determination Judge Speer reached without giving defendant an opportunity to be heard on the issue.

Defendant forfeited this objection by not raising it below. (*People v. Wall* (2017) 3 Cal.5th 1048, 1075 ["a defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below"].)  Defendant contends any objection would have been futile because, by referring to Judge Speer's decision before issuing his own, Judge Schneider indicated his mind was already made up to defer to Judge Speer. Assuming arguendo Judge Schneider indicated an intent to defer to Judge Speer, we fail to see how the trial court's mere statement of the basis for a decision renders futile any attempt to contest that basis.

The record, moreover, does not support defendant's assertion that Judge Schneider deferred to Judge Speer. Judge Schneider noted Judge Speer's view of the matter, but immediately declared that he would "undertake [my] own independent review."  He expressly based his decision not to strike the enhancement on the "tremendous amount of aggravating evidence," not Judge Speer's determination.

5

Defendant points to Judge Schneider's statement that he would conduct an independent review "because I believe that the remittitur requires that because of the defendant's efforts at rehabilitation." Defendant argues this statement indicates Judge Schneider believed the only factor he could consider was defendant's efforts at rehabilitation, and accordingly, Judge Schneider did not believe he could reconsider the other factors that Judge Speer already had decided against defendant.

We reject this interpretation. We read Judge Schneider's statement as explaining why he was not deferring to Judge Speer's earlier determination, namely, that Judge Speer did not have before her defendant's record of rehabilitation, which defendant submitted after Judge Speer had issued her order. It does not follow that, in making this statement, Judge Schneider intended to consider only defendant's rehabilitation record and nothing else. Indeed, that conclusion is inconsistent with Judge Schneider's statement that he was conducting his "own independent review," and his express reference to the aggravating factors.

Defendant argues Judge Schneider further misunderstood the scope of his discretion because Judge Schneider referred to striking or *staying* the firearm enhancement. Defendant notes, correctly, that the law does not permit trial courts to stay enhancements in the interest of justice, only to strike them. (*People v. McQueen* (2008) 160 Cal.App.4th 27, 37 ["a court has no authority to stay an enhancement under its 'discretionary sense of justice' " but "must either impose it or strike it"]; § 12022.5, subd. (c) ["The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or

6

dismiss an enhancement otherwise required to be imposed by this section. . . ."].)

Again, defendant forfeited this objection by not raising it below.  Given, moreover, that Judge Schneider did *not* stay the firearm enhancement, any misstatement of the law could not have resulted in an error.  Nor can we conceive how his ruling would have been different had the parties brought to his attention that he could not stay the enhancement.  Judge Schneider made clear that in his view defendant should serve the maximum penalty for the enhancement, so it is immaterial whether he misunderstood the means by which he could have removed that penalty had he been so inclined.  (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*) [remand unnecessary when record " 'clearly indicate[s]' " trial court "would have reached the same conclusion" had it been aware of the full scope of its discretion].)

In a similar vein, defendant argues that Judge Schneider failed to articulate that he had the option to leave the enhancement in place, but strike the penalty for that enhancement.  (See § 1385, subd. (b)(1) ["If the court has the authority . . . to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ."].)

Once again, defendant failed to bring this to the trial court's attention, and therefore cannot assert it as a basis for reversal here.  Further, the fact that Judge Schneider did not specifically articulate that he had this discretion does not mean he was unaware of it; indeed, "[i]n the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' [Citations.]"  (*People v. Thomas*

(2011) 52 Cal.4th 336, 361.)  Also, again, given Judge Schneider's unequivocal conclusion that defendant should serve the maximum penalty for the enhancement, remand would be pointless even if arguendo he misunderstood his options for removing the penalty.  (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.)

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


BENDIX, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.